UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STRIKE 3 HOLDINGS, LLC,

                          Plaintiff,                                    22-cv-1435 (PKC)

             -against-                                                  ORDER


JOHN DOE, subscriber assigned
IP address 67.243.153.229,

                          Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.


          Plaintiff alleges that it operates a subscription-based website that displays adult-content material, including films.  It further alleges that it is the owner of certain copyrighted works and that defendant John Doe willfully infringed its copyrights by downloading and distributing protected elements of its copyrighted works using the BitTorrent protocol.

          On plaintiff's application, the Court authorized plaintiff to serve a subpoena on the internet service provider for IP address 67.243.153.229 so that plaintiff may unmask the identity of John Doe and serve him or her with process.  The application was premised upon the allegations of the complaint, which in considerable detail (Exhibit A) identifies the 49 instances of alleged infringement, the Coordinated Universal Time information for each transaction, along with the Info Hash value obtained from the metadata of the corresponding .torrent file, the File Hash value of the digital media file itself, the date of publication of the copyrighted work, the date of the copyright registration, and the registration number.

          The Court is in receipt of a motion to dismiss or quash the subpoena.  It speaks in terms of denying a "Bill of Discovery" and seeks attorneys' fees.  It asserts that the filing is a

"special appearance" preserving certain defenses.[1]  The motion asserts, among other things, that (1) there is a heightened requirement to granting the subpoena in order to protect Doe's First Amendment right to speak anonymously;  (b) before the Court issues the subpoena to unmask the identity of the unknown user, plaintiff must demonstrate that there would be personal jurisdiction over the unknown user; and (3) the action is a "strike suit" seeking to extract payment from Doe through the threat of exposing "false and potentially embarrassing accusations. . . ."

The signature block for the motion reads as follows:

Respectfully submitted,

 /s/ *Rafaela Urbaez*
Doe 67.243.153.229
**(Pro Se)**

 Representative for Doe:
 67.243.153.229

There are two possibilities suggested.  First, that Rafaela Urbaez is Doe and that she has filed the motion pro se.  In that event, the motion is moot because Doe has self-identified.  The second possibility, perhaps more likely, is that Rafaela Urbaez is the "Representative" of Doe.  In this Court, an individual party may represent herself or she may be represented by an attorney admitted to practice in this Court.  There is no "Rafaela Urbaez" listed as admitted to practice in this Court and no Order for admission pro hac vice has been granted.

The motion to dismiss or quash (Doc 17) is DENIED either as moot or improperly filed by a "Representative" who is not admitted to practice in this Court.  Plaintiff's motion (Doc

---

[1] The Federal Rules of Civil Procedure do not provide for a "special appearance."

23) to extend the time to effectuate service is GRANTED and extended to January 31, 2023.

The Conference scheduled for December 16, 2023 is adjourned to February 17, 2023 at 11:30

a.m. (telephonically).


        SO ORDERED.


                                        P. Kevin Castel
                                United States District Judge


Dated:  New York, New York
        November 30, 2022